IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREAT PLAINS TRANSPORTATION SERVICES, INC., <br> 923 N. State Street <br> Fairmont, MN 56031 <br><br> Plaintiff, <br><br> v. <br><br> RSP FREIGHT MANAGEMENT, INC. <br><br> and <br><br> LIBERTY NATIONAL FINANCIAL CORP., <br><br> Defendants. | Civil Action No. 07-0743 |

## AMENDED COMPLAINT

COMES NOW Great Plains Transportation Services, Inc. (hereinafter referred to as "Great Plains") by and through Counsel and for its Amended Complaint states as follows:

Parties

1. Plaintiff Great Plains is a Minnesota corporation whose principal place of business is 923 N. State Street, Fairmont, MN 56031. Great Plains is a factor and the lawful assignee of the accounts receivable of Let-R-Rip Trucking, Inc. ("Let-R-Rip") pursuant to a factoring agreement.

2. Let-R-Rip, as a federally licensed motor carrier, is engaged in the performance of interstate carriage for hire by the authority of the Federal Motor Carrier Safety Administration pursuant to Docket No. MC 570931.

3. RSP Freight Management, Inc. (hereinafter referred to as "RSP") is a Georgia corporation whose agent for service for process in the District of Columbia is Don Norman; 1140 Connecticut Ave., NW, Suite 609; Washington, DC 20036.

4. Defendant RSP operates as a federally licensed property broker as defined by 49 U.S.C. 13102(2) and is required to be registered with the Federal Motor Carrier Safety Administration pursuant to 49 U.S.C. 13904 and post a property broker surety bond in the amount of $10,000.  See 49 U.S.C. 13904(d), 49 C.F.R. 387.307.

5. Defendant Liberty National Financial Corp. (hereinafter referred to as "Liberty National") is the administrator for the property broker bond on file with the Federal Motor Carrier Safety Administration in accordance with the requirements of 49 U.S.C. 13904(d).

6. Defendant Liberty National's registered agent for service of process is Nathan Willis, 3750 W. Main 5 Park E., Norman, OK 73072.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. 1331, 28 U.S.C. 1337 and the District of Columbia long arm statute §13-423 D.C. Code Ann., as amended.

8. Pursuant to 28 U.S.C. 1391(b), venue is proper in this District and Division in that each of the Defendants has properly registered and filed appropriate documents with the Federal Motor Carrier Safety Administration as required by federal law in Washington, D.C.

9. This action involves the collection of interstate transportation charges pursuant to 49 U.S.C. 13706, 49 U.S.C. 13707, 49 U.S.C. 13904 and 49 U.S.C. 14705.

## COUNT ONE
### Breach of Transportation Contracts by RSP

10. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 9 of the Complaint as though fully set forth herein.

11. Between November 30, 2006 and January 23, 2007, Defendant RSP tendered fifteen shipments to Let-R-Rip in interstate commerce pursuant to bill of lading contracts.

12. Let-R-Rip was the carrier of record on each of the bill of lading contracts.

13. As a federally licensed motor carrier, Let-R-Rip is required to bill and collect its freight charges.

14. Let-R-Rip has invoiced Defendant RSP in the amount of $10,860.00 and Defendant RSP has accepted these invoices without objection or protest.  See Appendix A.

15. Despite due demand, Defendant has failed to make payment to Let-R-Rip.

WHEREFORE, Plaintiff prays to the Court for Judgment as follows:

(1) that Judgment be entered against RSP, Inc. and that Great Plains be awarded the amount of $10,860.00 for otherwise identified and unpaid freight charges;

(2) that Great Plains have and recover attorney's fees and costs of this suit; and

(3) such other and further relief as this Court may deem just and proper.

## COUNT TWO
### Breach of Constructive Trust Against Defendant RSP, Inc.

16. Plaintiff reincorporates and realleges the allegations contained in paragraph 1 through 15 as though fully set forth herein.

17. At all times here relevant, Let-R-Rip acted in a capacity as a federally licensed motor carrier as defined by 49 U.S.C. 13102(3) and 49 U.S.C. 13102(12).

18. At all times material hereto, Defendant RSP was acting as, and held itself out to be a federally licensed property broker as defined by 49 U.S.C. 13102(2).

19. The general practice and custom in the motor freight industry regarding property broker service dictates that if a property broker, in this case Defendant RSP, receives monies from its shipper and consignee customers, it assumes the obligation of said shippers and consignees and must remit all freight charges to the underlying carriers exclusive of any commission fees due to the property broker for property broker services performed.  See 49 C.F.R. 371.10.

20. Pursuant to the applicable bill of lading contracts between Let-R-Rip and RSP, Let-R-Rip agreed to transport freight from various locations to various destinations for Defendant RSP's shippers and consignees.

21. Under the terms of the agreements between Defendant RSP and Let-R-Rip, as well as to common freight industry custom and practice, Defendant RSP was entrusted to collect all freight charges owed for the transportation of freight transported by Let-R-Rip from the shippers and/or consignees after deducting any agreed upon commissions due RSP.  RSP was required by statute to forward to Let-R-Rip freight charges.

22. Defendant RSP was entrusted to act as a conduit collecting monies from the shipper and/or consignees and therefore forward such monies to the intended recipient, Let-R-Rip.

23. The freight charges due Let-R-Rip are not the property of RSP, but rather represent the res of a trust held by RSP for the benefit of Let-R-Rip.

24. Let-R-Rip, as the equitable owner of the freight charges and beneficiary of the trust comprising the freight revenue, is entitled to immediate payment of freight charges full, free and clear of all liens, claims and encumbrances.

25. Defendant RSP has failed and refused to remit the freight charged due Let-R-Rip despite demands to do so prior to the commencement of this matter.

26. RSP's failure to remit the freight charges to Let-R-Rip constitutes a breach of its fiduciary duty and obligations and abuse of the fiduciary relationship between RSP on the one hand and Let-R-Rip on the other hand arising from the aforesaid trust.

27. RSP's refusal to remit freight charges due Let-R-Rip is unlawful.

WHEREFORE, Plaintiff Great Plains prays to the Court for Judgment as follows:

(1) that Judgment be entered against Defendant RSP and that Great Plains be awarded the amount of $10,860.00 representing the freight charges;

(2) that Judgment be entered directing Defendant RSP to immediately assign, transfer and deliver such monies as may be collected by Defendant after the date of the Judgment which comprise the portion of the trust res representing the freight charges to a fund to be administered and maintained by Plaintiff for purposes of distribution of such Judgment or to Great Plains; and

(3) for such other and further relief as this Court may deem just and proper.

## COUNT THREE
### Breach of Contract/Property Broker Bond Against Defendant Liberty National

28. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1 through 27 as though fully restated herein.

29. At all times here relevant, Liberty National posted a property broker bond with the Federal Motor Carrier Safety Administration, Form BMC-85, for the purpose of assuring that the financial obligations of RSP were met in accordance with the requirements of 49 U.S.C. 13904(d).

30. Plaintiff alleges that at all times here relevant RSP was acting as a federally licensed property broker for the transportation of property by motor carrier in interstate commerce for compensation. 49 U.S.C. 13102(2).

31. RSP owes to Let-R-Rip $10,860.00 for freight charges which are due, owing and unpaid. See Appendix A.

32. Defendant Liberty National at all times here relevant was the surety for this indebtedness by virtue of the property broker bond filed with the Federal Motor Carrier Safety Administration on RSP's behalf.

33. Great Plains has filed a claim on the property broker bond with Defendant Liberty National and said claim has been denied.

34. RSP has failed to transmit payment to Plaintiff.

35. Timely claims have been filed against the property broker bond maintained by Liberty National on behalf of Let-R-Rip.

36. Liberty National is liable to Great Plains for the amount of $10,860.00 based upon the failure of its principal to pay Plaintiff, which obligation is insured by the property broker bond.

WHEREFORE, Plaintiff Great Plains prays for Judgment as follows:

(1) that Defendant Liberty National be found liable to Great Plains in the amount of $10,860.00 plus interest and reasonable attorney's fees;

(2) and for such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/_____
Douglas H .Wood, Esq., DC Bar #481262
Seaton & Husk, LP
2240 Gallows Road
Vienna, VA  22182
Tel: 703-573-0700
Fax: 703-573-9786

*Counsel for Great Plains Transportation Services, Inc.*

# **APPENDIX A**

**APPENDIX A**

**Aging for RSP Freight Mgmt Inc *NH**                    **Great Plains Transportation Services, Inc.**

*28-Feb-07*

| Advance Date | Invoice Number | PO Number | Client | Days Out | Invoice Amount | Invoice Balance |
|---|---|---|---|---|---|---|
| 11/30/2006 | L0134 | | Let-R-Rip Trucking, Inc. | 90 | $700.00 | $700.00 |
| 12/4/2006 | L0135 | | Let-R-Rip Trucking, Inc. | 86 | $450.00 | $450.00 |
| 12/11/2006 | L0136 | | Let-R-Rip Trucking, Inc. | 79 | $400.00 | $400.00 |
| 12/12/2006 | L0137 | | Let-R-Rip Trucking, Inc. | 78 | $1,200.00 | $1,200.00 |
| 12/18/2006 | L138 | | Let-R-Rip Trucking, Inc. | 72 | $400.00 | $400.00 |
| 12/18/2006 | L139 | | Let-R-Rip Trucking, Inc. | 72 | $900.00 | $900.00 |
| 12/26/2006 | L0140 | | Let-R-Rip Trucking, Inc. | 64 | $350.00 | $350.00 |
| 12/26/2006 | L0141 | | Let-R-Rip Trucking, Inc. | 64 | $1,210.00 | $1,210.00 |
| 12/26/2006 | L0142 | | Let-R-Rip Trucking, Inc. | 64 | $400.00 | $400.00 |
| 12/28/2006 | L0143 | | Let-R-Rip Trucking, Inc. | 62 | $1,125.00 | $1,125.00 |
| 1/2/2007 | L0144 | | Let-R-Rip Trucking, Inc. | 57 | $875.00 | $875.00 |
| 1/8/2007 | L0145 | | Let-R-Rip Trucking, Inc. | 51 | $350.00 | $350.00 |
| 1/23/2007 | L0146 | | Let-R-Rip Trucking, Inc. | 36 | $1,175.00 | $1,175.00 |
| 1/23/2007 | L0147 | | Let-R-Rip Trucking, Inc. | 36 | $825.00 | $825.00 |
| 1/23/2007 | L0148 | | Let-R-Rip Trucking, Inc. | 36 | $500.00 | $500.00 |
| | | | **Grand Total:** | 63 | $10,860.00 | $10,860.00 |